# UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

| | |
|---|---|
| **Michael A.  McNeil** | * |
|     **Appellant** | *   No. 13-2269 |
| | (1:12-cv-03706-WDQ) |
|     **v.** | *   (12-18903) |
| **V. Peter Markuski, Jr.** | * |
|     **Appellee** | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
\*

| | |
|---|---|
| **Michael A. McNeil** | * |
|     **Appellant** | *   No. 13-2276 |
| | (1:12-cv-03819-WDQ) |
|     **v.** | *   (12-18903) |
| **Stephan A. Drazin** | * |
|     **Appellee** | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**RECEIVED**
2013 NOV 13  PM 2:11
U.S. COURT OF APPEALS
FOURTH CIRCUIT

## OPENING INFORMAL BRIEF OF THE APPELLANT

Michael A. McNeil
7014 Gentle Shade Road
Apartment 402
Columbia, MD 21046
(410) 505-8617
mamcneil@gmail.com

**Table of Contents**

A.  Jurisdiction......................................................................................1

   1.  Name of Court or Agency From Which Review is Sought.............................1

   2.  Date(s) of order or orders for which review is being sought..........................1

   3.  Timeliness of notice of appeal or petition for review.....................................2

B.  Prior Cases Filed with this Court:........................................................3

C.  Statement of the issues presented........................................................3

D.  Standard of Review............................................................................4

E.  Statement of Facts.............................................................................5

F.  Summary of Arguments.......................................................................7

G.  Argument.........................................................................................9

   Issue #1:  Did the Court err when it overruled the Appellant's Objection to  V.

   Peter Markuski claims, whereas the Appellant was Objecting to the fact that V.

   Peter Markuski was claiming priority status as a domestic support order? ..........9

     Prong A-  owed to or recoverable by--(i) a spouse, former spouse, or child of

     the debtor or such child's parent, legal guardian, or responsible relative; or (ii)

     a governmental unit; ...................................................................15

     Prong B - in the nature of alimony, maintenance, or support (including

     assistance provided by a governmental unit) of such spouse, former spouse, or

child of the debtor or such child's parent, without regard to whether such debt is expressly so designated;................................................................16

Prong C - established or subject to establishment before, on, or after the date of the order for relief in a case under this title, by reason of applicable provisions of-- (i) a separation agreement, divorce decree, or property settlement agreement; (ii) an order of a court of record; or (iii) a determination made in accordance with applicable nonbankruptcy law by a governmental unit; and ................................................................18

Prong D - not assigned to a nongovernmental entity, unless that obligation is assigned voluntarily by the spouse, former spouse, child of the debtor, or such child's parent, legal guardian, or responsible relative for the purpose of collecting the debt................................................................18

Issue #2:  Did the Bankruptcy Court err when it determined the priority and dischargeability of a debt without an Adversary Proceeding for V. Peter Markuski Jr. claims and Stephen Drazin's claims?................................................20

Issue #3:  Did the District Court err when it affirmed the Bankruptcy Court's decisions?................................................................24

H.  Conclusion and Relief Requested................................................................25

CERTIFICATE OF SERVICE................................................................27

ii

## A. Jurisdiction

### 1. Name of Court or Agency From Which Review is Sought

    a.  The United States Bankruptcy Court For the District of Maryland

    b.  The United States District Court For the District of Maryland

### 2. Date(s) of order or orders for which review is being sought

    a.  ORDER OVERRULING OBJECTION TO CLAIM NO. 3 FILED BY V. PETER MARKUSKI dated September 27, 2012 (Case 12-18903, ECF 85)

    b.  ORDER SUSTAINING IN PART AND DENYING IN PART OBJECTION TO CLAIM NUMBER 5 OF STEPHEN A. DRAZIN, ESQ entered on November 15, 2012 (Case 12-18903, ECF 160)

    c.  District Court Order Affirming Bankruptcy Court's decisions in case number 12-18903 (ECF 85, 160) dated October 10, 2013 [1-12-cv-03706 ECF 13 & 1:12-cv-3819 ECF 12]

1

## 3. Timeliness of notice of appeal or petition for review

a.  Notice of Appeal for Order Affirming Bankruptcy Court's decisions in case number 12-18903 (ECF 85, 160) dated October 10, 2013 [1-12-cv-03706 ECF 13 & 1:12-cv-3819 ECF 12] was given on October 15, 2013 [1-12-cv-03706 ECF 13 & 1:12-cv-3819 ECF 12]

b.  Notice of Appeal for ORDER OVERRULING OBJECTION TO CLAIM NO. 3 FILED BY V. PETER MARKUSKI dated September 27, 2012 (Case 12-18903, ECF 85)  was given on November 19, 2013 [ Case 12-18903, ECF 165].  (Note:  There was motion for reconsideration concerning ECF 85 that was not decided upon until November 5, 2012 [ Case 12-18903, ECF 143])

c.   Notice of Appeal for ORDER SUSTAINING IN PART AND DENYING IN PART OBJECTION TO CLAIM NUMBER 5 OF STEPHEN A. DRAZIN, ESQ entered on November 15, 2012 (Case 12-18903, ECF 160) was given on November 29, 2012  Case 12-18903, ECF 160 [ Case 12-18903, ECF 178]

2

**B. Prior Cases Filed with this Court:**

Michael A. McNeil v. State of Maryland, No. 12-2139, District Court decision affirmed.

**C. Statement of the issues presented**

**Issue 1:** Did the Bankruptcy Court err when it determined that Stephen Drazin Esquire's claims and V. Peter Markuski Jr. claims are Domestic Support Order/Obligation giving them priority status?

**Issue 2:** Did the Bankruptcy Court err when it determined the priority and dischangeability of a debt without an Adversary Proceeding for V. Peter Markuski Jr. claims and Stephen Drazin's claims.

**Issue 3:** Did the District Court err when it affirmed the Bankruptcy Court's decisions.

3

**D. Standard of Review**

As set out in the cases below, this Court reviews the Bankruptcy Court's and the District conclusions of law de novo and its findings of fact for clear error.

**First Mariner Bank v. Johnson, 411 B.R. 221 (D.Md. 2009):**

> When a district court reviews a bankruptcy court's final order, the district court acts as an appellate court. Accordingly, legal conclusions are reviewed de novo, whereas findings of fact may be set aside only if clearly erroneous. See Banks v. Sallie Mae Serv. Corp., 299 F.3d 296, 300 (4th Cir.2002); Johnson, 226 B.R. at 365; Fed. R. Bankr.P. 8013.

**Byrd v. Hoffman, 417 B.R. 320 (D.Md.2008):**

> This Court reviews the legal conclusions of the Bankruptcy Court de novo, but reviews its factual determinations for clear error. Butler v. Shaw, 72 F.3d 437, 441 (4th Cir.1996); Three Flint Hill Ltd. Pshp. v. Prudential Ins. Co. (In re Three Flint Hill Ltd. Pshp.), 213 B.R. 292, 297 (D.Md.1997). On legal issues, this Court "must make an independent determination of the applicable law." In re Jeffrey Bigelow Design Group, Inc., 127 B.R. 580, 582 (D.Md.1991), aff'd, 956 F.2d 479 (4th Cir.1992). Moreover, a finding of fact is clearly erroneous "only when the reviewing court is left with the definite and firm conviction that a mistake has been committed." In re Broyles, 55 F.3d 980, 983 (4th Cir.1995) (internal quotations omitted). Finally, the Bankruptcy Court's application of law to the facts is to be reviewed for abuse of discretion. In re Robbins, 964 F.2d 342, 345 (4th Cir.1992) (decision to lift automatic stay).

The Fourth Circuit follows this consistent standard of review:

**In re Hutson, 173 F.3d 424 (Table), 1999 WL 95510 (C.A.4, S.C., 11 Fourth Cir. & D.C. Bankr. (152 C.A.4 1999):**

> . . .we review the bankruptcy court's conclusions of law de novo and its findings of fact for clear error.

**In re Bryson Properties, XVIII, 961 F.2d 496, 26 Collier Bankr.Cas.2d 1290, 22 Bankr.Ct.Dec. 1391, Bankr. L. Rep. P 74,545 (C.A.4, N.C., 1992):**

> The district court's decision is reviewed de novo. In re Camino Real Landscape Maintenance Contractors, 818 F.2d 1503, 1505 (9th Cir.1987). The bankruptcy court's findings of fact are reviewed under the clearly erroneous standard (Fed.R.Bankr.P. 8013; Willemain v. Kivitz, 764 F.2d 1019, 1022 (4th Cir.1985)); its conclusions of law are reviewed de novo. Quinn Wholesale, Inc. v. Northern, 100 B.R. 271, 273, (M.D.N.C.1988), aff'd, 873 F.2d 77 (4th Cir.), cert. denied, 493 U.S. 851, 110 S.Ct. 151, 107 L.Ed.2d 109 (1989).

## E. Statement of Facts

On May July 16, 2012, V. Peter Markuski, Appellee files an Amended Proof of Claim 3-3 [Case 12-18903/Claim 3-3] and then files a contingent Proof of Claim on August 16, 2012. The Appellee files both his claims as priority claim under section 507(a)(1)(A) or (B) of the Bankruptcy Code. It also should be noted that the Appellant on his Schedule E did not list the Appellee as a priority Domestic Support Order Claim. [Case 12-18903/ECF 55 page 5]

On July 31, 2012 the Appellant files an Objection to Proof of Claim for Claim 3-3 [Case 12-18903/ECF 40] and then again he files an Objection to Proof

5

of Claim for Claim 4-1 (Case 12-18903/ECF 61).  In the Appellant's first objection, the Appellant mainly raised issues as to the legitimacy of the Appellee's claim as he made allegations concerning fraud.  The Appellant likewise with the first objection did the same with his second objection to the second claim which is a contingent claim filed by the Appellee.

On September 25, 2012, there was a hearing before the Bankruptcy Court to hear both the Appellant's objections, and during that hearing, that court determined that both Appellee's claims were Domestic Support Obligations therefore entitled to Priority and overruled the Appellant's objections.  [Case 12-18903/ECF 85, ECF 90]

On October 9, 2012, the Appellant filed a Motion To Reconsider the aforementioned rulings,[Case 12-18903/ ECF 105] which was denied on November 11, 2012 [Case 12-18903/ECF 143].  The Appellant then filed his Notice of Appeal. [Case 12-18903/ ECF 165]

On September 11, 2012, the Stephen A. Drazin, the Appellee files a Proof of Claim  [Case 12-18903/Claim 5]

On September 20, 2012, the Appellant files an Objection to Proof of Claim for Claim number 5 [Case 12-18903/ ECF 80]

On November 15, 2012(Case 12-18903, ECF 160) the Bankruptcy Court

6

Sustained the Appellants Objections in Part and Denied in part while at the same time determining that the Appellee Stephan A. Drazin's claim was a Domestic Support Obligation and therefore entitled to priority.

It should be noted that in neither of the Appellant's objection [Case 12-18903/ ECF 40 & 80] did the Appellant bring up the issue of the priority of claims concerning Domestic Support Obligations.

And finally it should be noted that none of the Appellants bankruptcy schedules list either Appellee's as creditors who hold debts that could be considered Domestic Support Obligations.

## F.  Summary of Arguments

*Issue #1:*  *Did the Bankruptcy Court err when it determined that Stephen Drazin Esquire's claims and V. Peter Markuski Jr. claims are Domestic Support Order/Obligation giving them priority status?*

As to this issue, the Appellant simply contends that when Congress modify the Bankruptcy Code in 2005 by adding to the code subsection 101(14A) defining a Domestic Support Obligation,  whereas prior to 2005 the definition of what a Domestic Support Obligation was defined solely by the Judiciary.  However, now Congress has specifically defined what a

7

Domestic Support Obligation is which in effect is where Congress has specifically rejected the Judiciary definition of a Domestic Support Obligation in that Congress only wants those debts owed to a child, a former spouse, or spouse of a debtor.  In short was Congress has said, if the monies are not owed to an immediate member of a debtors family or a former member of a debtors immediate family the debt owed is not a Domestic Support Obligation.

***Issue 2:*** *Did the Bankruptcy Court err when it determined the priority and dischangeability of a debt without an Adversary Proceeding for V. Peter Markuski Jr. claims and Stephen Drazin's claims?*

As to this issue, the Appellant believes that the Bankruptcy Code is clear that in order to determine dischargeability of a claim that an Adversary Proceeding is required, and that the court simply prematurely ruled that the Appellee's claims was a Domestic Support Obligation giving it priory status.

***Issue 3:*** *Did the District Court err when it affirmed the Bankruptcy Court's decisions?*

This consolidated appeal arrises out the the United State District Court for the District of Maryland whereas the District Court affirmed the opinions

8

of the Bankruptcy Court after reviewing the case de novo.  Since the District

Court like the Bankruptcy Court applied similar standards it failed to apply

the new post-BAPCPA law and Rule 7001 and therefore it erred when it

affirmed the Bankruptcy Court's decisions.

## G. Argument

***Issue #1:***  *Did the Court err when it overruled the Appellant's Objection to  V.*
*Peter Markuski claims, whereas the Appellant was Objecting to the fact that V.*
*Peter Markuski was claiming priority status as a domestic support order?*

In 2005,  the Bankruptcy Abuse Prevention and Consumer Protection

Act of 2005 ("BAPCPA") was signed into law where as Congress now

defines what is a Domestic Support Obligation[1] in section 101(14A) of the

---

1 Section 101(14A) of the Code states:
The term "domestic support obligation" means a debt that accrues before, on, or
after the date of the order for relief in a case under this title, including interest that
accrues on that debt as provided under applicable nonbankruptcy law
notwithstanding any other provision of this title, that is--
    (A) owed to or recoverable by--
        (i) a spouse, former spouse, or child of the debtor or such child's
        parent, legal guardian,
        or responsible relative; or
        (ii) a governmental unit;
    (B) in the nature of alimony, maintenance, or support (including assistance
    provided by a governmental unit) of such spouse, former spouse, or child of
    the debtor or such child's parent, without regard to whether such debt is
    expressly so designated;
    (C) established or subject to establishment before, on, or after the date of the
    order for relief in a case under this title, by reason of applicable provisions
    of--
        (i) a separation agreement, divorce decree, or property settlement

9

Bankruptcy Code.  Unfortunately, as of this date, the Appellant is unaware of

finding any Appellant decision post BAPCPA concerning Domestic Support

Obligations which take into consideration that Congress changed the

Bankruptcy Code limiting the definition to only protect a debtors family

from having monies owed to it from being discharged and not monies owed

solely to attorneys.

 With the above stated, it is well known that various circuits have

consistently ruled pre-BAPCPA giving a broad reading to section 523(a)(5)

(A). See <u>Hudson v. Raggio & Raggio, Inc. (Inre Hudson), 107 F.3d 355, 357</u>

<u>(5th Cir. 1997)</u>.

 However, the courts should assume that Congress knows and take into

account the state of the law when it amends a statute. <u>Cannon v. University</u>

<u>of Chicago, 441 U.S. 677, 697-98 (1979)</u> ("It is always appropriate to

assume that our elected representatives, like other citizens, know the

law . . . ."); <u>Michel v. Total Transp., Inc., 957 F.2d 186, 191 (5th Cir. 1992)</u>

---

  agreement;
  (ii) an order of a court of record; or
  (iii) a determination made in accordance with applicable
  nonbankruptcy law by a governmental unit; and
(D) not assigned to a nongovernmental entity, unless that obligation is
assigned voluntarily by the spouse, former spouse, child of the debtor, or
such child's parent, legal guardian, or responsible relative for the purpose of
collecting the debt.

("We assume that Congress is aware of existing law when it passes legislation.").

Therefore, it is clear that Congress has reject the various circuits' pre-BAPCPA definition of what is a Domestic Support Obligation and the Bankruptcy Court should have concluded that it must apply the limited, but unambiguous, language of section 101(14A)(A) in determining whether the claim filed by the Appellee is a priority claim. U.S. v. Ron Pair Enterprises, Inc., 489 U.S. 235, 242 (1989)  If the Bankruptcy Court applied the correct definition of a Domestic Support Obligation instead of relying on the pre-BAPCPA definition it would have to deny the Appellee claims as a priority domestic support obligations.

However, with this said, it is interesting that both the Bankruptcy Court and the District Court in their opinion have elevated the Appellee Markuski's claim which if not paid would cause absolutely no harm to the Appellant/debtor's family in that none of them would owe this debt. However, let say if the Appellant owed a medical debt to a hospital for his son's long stays in the hospital, the Appellant would be able to discharge this debt fully and the hospital would have recourse to pursue payment for this debt from the Appellant's former spouse and perhaps his son.

11

In any event, Congress has change the law as to what is and what isn't a Domestic Support Obligation and has given the courts a five part test to determined if a debt is a Domestic Support Obligation (Section 101(14A) A through D), where in order for a court to determine if a debt is a Domestic Support Obligation that debt *must* pass the each part of the five part test whereas since the debt that both Appellee's are claiming is a Domestic Support Obligation is not owed to anyone remotely related to the Appellant's debtor, nor are they a legal guardian of the debtor's children, and nor are they a government unit, therefore their claims fail paragraph A of Section 101(14A).

And as to argument that in order for a debt to be considered a Domestic Support Obligation and not have to pass the five part test as laid out by Congress is to violence to what Congress has written and to ignore Congress's intent. Meaning, it is clear that Congress in writing the law only wanted to elevate a debt for monies that would go to provide for the fundamental needs of a debtor family and that these needs be paid in full prior to any other creditor. With this said, the Bankruptcy Court and now the District Court has elevated the need of Attorney's get paid to be on the same footing as the need for the debtor's family need for monies for food, housing,

12

clothing, ect so that now these attorney's will and can receive a pro rata distribution of a debtor's bankruptcy estate and have their debts non dischargeable making them compete for the same exact monies that the debtor's family who are holder of true Domestic Support Obligations. Clearly what the Bankruptcy Court and the District Court has done is contrary to what Congress has legislated to be done in Bankruptcy.

Furthermore, not only did Congress insert Section 101(14A) which defines what a Domestic Support Obligation is, it also DELETED 11 U.S.C. §507(a)(7) from the Bankruptcy Code which the following about priority claims which §507(a)(7)(A) is the basis for all pre-BAPCPA case law which determined fees owed to attorney could be determined to be a "Domestic Support Obligation":

> Seventh, allowed claims for debts to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record, determination made in accordance with State or territorial law by a governmental unit, or property settlement agreement, but not to the extent that such debt-
>
> > (A) is assigned to another entity, voluntarily, by operation of law, or otherwise; or
> >
> > (B) includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance or

13

support.

And finally, as Congress was modifying the law in 2005, it showed even its further concern for a debtor's family in that it placed "Domestic Support Obligation" owed to a debt "owed to or recoverable by a spouse, former spouse, or child of the debtor, or such child's parent, legal guardian, or responsible relative" as having first priority verses seventh priority in the paying out of claims as stated in §507(a)(1)(A) and it should be noted that there is absolutely no reference to a generic term "assigned to another entity" as the pre-BAPCPA law did, but instead give specific entities giving the court no discretion to determine that a debt owed to an attorney is a Domestic Support Obligation:

> (A) Allowed unsecured claims for domestic support obligations that, as of the date of the filing of the petition in a case under this title, are owed to or recoverable by a spouse, former spouse, or child of the debtor, or such child's parent, legal guardian, or responsible relative, without regard to whether the claim is filed by such person or is filed by a governmental unit on behalf of such person, on the condition that funds received under this paragraph by a governmental unit under this title after the date of the filing of the petition shall be applied and distributed in accordance with applicable nonbankruptcy law.

14

With the above stated, Congress has given the courts a four prong test for the courts to apply which are clearly spelled out in Section 101(14A) as being paragraphs A-D whereas a Domestic Support Obligation must pass each prong of the test in order to meet the definition. And upon examination, the Appellee's claim clearly fails at least three prongs of the test.

### Prong A- owed to or recoverable by--(i) a spouse, former spouse, or child of the debtor or such child's parent, legal guardian, or responsible relative; or (ii) a governmental unit;

Here, Congress has clearly defined that a claim in order to be considered a Domestic Support Obligation must be owed to a spouse, former spouse, or child of the debtor or such child's parent, legal guardian, or responsible relative; or a government unit. With this said it is obvious that the both Appellees claim do not pass this definition. Also, the court should take note that one of the parties can be included is a "governmental unit", and if the court should also take notice that later in the definition that Congress explicitly excludes a "nongovernmental entity, unless that obligation is assigned voluntarily by the spouse, former spouse, child of the debtor, or such child's parent, legal guardian, or responsible relative for the purpose of collecting the debt".

15

With the above stated, it is clear that Congress enumerated a debt must be owed to and or recoverable by. Also, Congress made provision for when a debt is owed to a governmental unit such as a state governmental unit which is paying out child support benefits for the debtor's child's benefit and is simply looking at having those cost recovered.

No where in the either Appellees claims are they claiming to be one of the enumerated entities that Congress has listed. Nor have they stated that any of the numerated entities have assigned him the debt owed to them. With this said, the Bankruptcy Court nor the District Court made this analysis using Congress's definition of a Domestic Support Obligation and simply did not apply the new law. <u>Thus the Appellee's claim fails this prong and therefore can not be considered a Domestic Support Obligation.</u>

***Prong B - in the nature of alimony, maintenance, or support (including assistance provided by a governmental unit) of such spouse, former spouse, or child of the debtor or such child's parent, without regard to whether such debt is expressly so designated;***

With this prong, Congress clearly states that the amounts so owed must have a certain nature which is clearly alimony and/or child support. The matter of whether or not a debtor's family is taken care of is a public interest as it is self evident in the acts of Congress and all 50 states where

16

those who owe alimony and or child support can be imprisoned, have various professional licenses and or drivers licenses suspended or not renewed for not paying owed amounts for not paying alimony and/or child support.

However, there is no law that says if you don't pay any attorney that you can be imprisoned and/or loose various privileges. Clearly state legislature and Congress puts amounts owed for actual child support and/or alimony on a different footing to that owed solely to an attorney that was never owed to a member of a debtor's family.

With the said, both the Appellee claims that his claim was for the benefit of the Appellant's children and thus are in the nature of child support. With that said, lets say that a debtor's child who lives with his ex-spouse contracted cancer, and the debtor took his child to a hospital and incurred $250000 in debt for cancer treatments. Then because of all the debt, the debtor filed for bankruptcy, and the hospital filed a priority claim. Currently, there is no ruling where a court counts a claim solely owed by a debtor to a hospital for the care of a debtor's child which does not reside with him. Likewise, the Appellee is in the same situation as the hospital and is not entitled to any more priority. Thus, the Appellee's claims fail this prong.

17

*Prong C - established or subject to establishment before, on, or after the date of the order for relief in a case under this title, by reason of applicable provisions of-- (i) a separation agreement, divorce decree, or property settlement agreement; (ii) an order of a court of record; or (iii) a determination made in accordance with applicable nonbankruptcy law by a governmental unit; and*

Here, Congress is clear that the debt must arise out of action in family court or a governmental unit.  As it turns out, both the Appellees claims here passes in that it was part of a divorce decree.  However, just because their claims pass just one prong does not make their claims  Domestic Support Obligations.

*Prong D - not assigned to a nongovernmental entity, unless that obligation is assigned voluntarily by the spouse, former spouse, child of the debtor, or such child's parent, legal guardian, or responsible relative for the purpose of collecting the debt.*

Here in the final prong, Congress dictated unless a debt is owed to those who were enumerated in Prong A, that all other entities are not entitled to priority unless that obligation owed to the enumerated entities voluntarily assigned for the purpose of debt collection.

Again, the both Appellees claims fail this prong in that his claim is based off a order from a state court judge whereas the Appellant was ordered

to pay him monies for him representing his children. Meaning, there was no voluntary assignment of a debt by the enumerated entities in Prong A. <u>Thus, the Appellee's claims fail this prong.</u>

Thus, with the fact that Congress changed the law in what is a Domestic Support Obligation and the wording in the post-BAPCPA law accurately demonstrating that Congress does not intend for attorney fees owed to attorney's to be considered Domestic Support Obligation, the Bankruptcy Court and the District Court should have applied the changes in the law and determined that those claims are not Domestic Support Obligation and the Appellant asks this court to cause those order to be vacated which determined these debts to be Domestic Support Obligations and therefore Non Dischargeable along with any other kind of relief that this court can grant to further the cause of justice.

***Issue #2:***  *Did the Bankruptcy Court err when it determined the priority and dischargeability of a debt without an Adversary Proceeding for V. Peter Markuski Jr. claims and Stephen Drazin's claims?*

Rule 7001 defines what is an Adversary Proceeding[2].  The Bankruptcy

---

2 Rule 7001 An adversary proceeding is governed by the rules of this Part VII. The following are adversary proceedings:

(1) a proceeding to recover money or property, other than a proceeding to compel the debtor to deliver property to the trustee, or a proceeding under §554(b) or §725 of the Code, Rule 2017, or Rule 6002;

(2) a proceeding to determine the validity, priority, or extent of a lien or other interest in property, other than a proceeding under Rule 4003(d);

(3) a proceeding to obtain approval under §363(h) for the sale of both the interest of the estate and of a co-owner in property;

(4) a proceeding to object to or revoke a discharge, other than an objection to discharge under §§727(a)(8), [1](a)(9), or 1328(f);

(5) a proceeding to revoke an order of confirmation of a chapter 11, chapter 12, or chapter 13 plan;

(6) a proceeding to determine the dischargeability of a debt;

(7) a proceeding to obtain an injunction or other equitable relief, except when a chapter 9, chapter 11, chapter 12, or chapter 13 plan provides for the relief;

(8) a proceeding to subordinate any allowed claim or interest, except when a chapter 9, chapter 11, chapter 12, or chapter 13 plan provides for subordination;

(9) a proceeding to obtain a declaratory judgment relating to any of the foregoing; or

(10) a proceeding to determine a claim or cause of action removed under 28 U.S.C. §1452.

20

Court made several rulings concerning priority and dischargeablity of both the Appellee claims were made outside of an Adversary Proceeding. Upon review of both the Appellant's Objections it is not clear that the Appellant in his Objections was not at that time challenging the priority or dischargeability of these claims and that the Bankruptcy Court either ruled upon its own or upon prompting of the creditor without them filing motions or an Adversary Proceeding asking the Bankruptcy Court to grant them relief in determining the nature of a claim. Thus the Appellant had no notice that the court was going to determine the priority, or the dischargeablity of the Appellee's claims prior to that day that it made the aforementioned determinations.     Therefore, since there is no record of the Appellant ever given proper notice that the Appellee's claims were going to be judge as to their whether or not they were going to be determined as Domestic Support Obligations or their dischargeability and that all this was going to happen outside of an Advesary Proceeding, the Appellant's due process rights were violate right alone with Rule 7001 which clearly mandates that in order for a debt to be determined as a Domestic Support Obligation and as to a debts dischargeablity, that the correct process which presumably is to ensure that all parties due process rights are fully protected that those things can only be

21

determined in an Adversary Proceeding.

With the above stated, the Appellant states the following law concerning adversary proceedings:

Charter Co., In re, 876 F.2d 875 (C.A.11 (Fla.), 1989) and states that a objection to a claim does not constitute an adversary proceeding:

> The filing of a proof of claim and the debtor's objection thereto do not constitute an adversary proceeding, and therefore this avenue for invoking Rule 23 was not available to the appellants. Charter Co., In re, 876 F.2d 875 (C.A.11 (Fla.), 1989)

Fourth Circuit rulings showing an Adversary Proceeding is required

Cen-Pen Corp. v. Hanson, 58 F.3d 93 (C.A.4 (Va.), 1995):

> Here the Hansons did not take a sufficient "affirmative step" to avoid Cen-Pen's liens. Bankruptcy Rule 7001(2) expressly requires initiation of an adversary proceeding "to determine the validity, priority, or extent of a lien or other interest in property," with one exception not applicable here. The procedural requirements of such an action, which include, inter alia, the filing of a complaint and service of a summons, are set out in the Bankruptcy Rules. Bankruptcy Rule 7004, for instance, governs the procedures for service of process in adversary proceedings. See In re Linkous, 990 F.2d 160, 162 (4th Cir.1993) (adequate notice to affected secured creditor is prerequisite to according preclusive effect to confirmation order under Sec. 1327).

> Gentry v. Siegel, 18 Wage & Hour Cas.2d (BNA) 1235, 56 Bankr.Ct.Dec. 2, 668 F.3d 88 (4th Cir., 2012)

To address these issues, we begin with the bankruptcy case's procedural structure. A bankruptcy case is commenced by the filing of a petition. Fed. R. Bankr.P. 1002(a). Within the case, a creditor may file a proof of claim, which, if objected to, becomes a disputed matter, and a disputed matter in a bankruptcy case is referred to as a contested matter. See Fed. R. Bankr.P. 9014 advisory committee's note; In re American Reserve, 84,0 F.2d 487 (7th Cir.1988) ("All disputes in bankruptcy are either adversary proceedings or contested matters"). An adversary proceeding in a bankruptcy case must fall within one of the categories defined in Rule 7001 and must be commenced by the filing of a complaint. Fed. R. Bankr.P. 7001, 7003

The Third Circuit is even more verbose of the requirement of a

Adversary Proceedings in that it is established what due process procedures

that are required to protect both parties In re Mansaray-Ruffin, 530 F.3d 234

(3rd Cir., 2008):

Federal Rule of Bankruptcy Procedure 7001 sets forth matters that may only be resolved through an "adversary proceeding," including the determination of the "validity, priority, or extent of a lien or other interest in property." Fed. R. Bankr.P. 7001(2).[2] An adversary proceeding is essentially a self-contained trial— still within the original bankruptcy case— in which a panoply of additional procedures apply. *See* Fed. R. Bankr.P. 7001-7087. Many of these procedures derive in whole or in part from the Federal Rules of Civil Procedure, giving an adversary proceeding all the trappings of traditional civil litigation. For example, Federal Rule of Bankruptcy Procedure 7003 adopts wholesale Federal Rule of Civil Procedure 3 and thus requires the filing of a complaint to commence an adversary proceeding. Adopting and modifying portions of Federal Rule of Civil Procedure 4, Federal Rule of Bankruptcy Procedure 7004 requires the service of a summons and a copy of the complaint. Federal Rule of Bankruptcy Procedure 7012 provides that the defendant has 30 days to file an answer after the issuance of the summons and makes Federal Rule of Civil Procedure

23

12(b)-(h) applicable in its entirety, thus allowing, *inter alia,* all of the 12(b) defenses, motions for a more definite statement, and judgments on the pleadings. Moreover, an adversary proceeding offers the parties the same opportunity for discovery as traditional civil litigation, and the rules regarding voluntary and involuntary dismissals, default judgments, and summary judgment are identical as well. See Fed. R. Bankr.P. 7026-7037, 7041,

Again, as mentioned in the Appellant's brief, the matter concerning priority or extent of a lien was not properly before the Bankruptcy Court and the court erred in ruling on the priority and/or extent of the Appellee's claim.

**Issue #3:** *Did the District Court err when it affirmed the Bankruptcy Court's decisions?*

The Appellant incorporates all the arguments made in Issues 1-2 and states that when the District Court reviewed and affirmed the Bankruptcy Court's decisions that it erred in that failed to apply the post-BAPCPA concerning Domestic Support Obligation claims nor didd it apply Rule 7001 when it affirmed the Bankruptcy Court's decisions in both appeals that was before it. Therefore this court should overturn its ruling.

24

**H.  Conclusion and Relief Requested.**

This is a case concerning the definition of Domestic Support Obligation post-BAPCPA, whereas there are no Circuit Court rulings rulings instructing lower court how to apply the change in the law though from the text of the law there now exist a four prong test for the courts to apply as mandated by Congress which are clearly spelled out in Section 101(14A) as being paragraphs A-D which neither the Bankruptcy Court nor the Distinct Court applied.

Additionally, this is a case where the determination of a debt as to its priority, extend, and dischargeability was determined outside of an Adversary Proceeding which Congress has mandated that these kinds of determinations can only be done via an Adversary Proceeding which in the case of a Pro Se/debtor litigant would absolutely be necessary to insure not only due process, but instructs him with what is at stake in these kinds of proceedings.

Therefore, with this said, both the Bankruptcy Court and the District Court erred and their decisions need to be overturned and the orders appealed be vacated so that the Appellee's claims are no longer considered Domestic Support Obligation and therefore are dischargeable and that this court direct the Bankruptcy Court to hold an Adversary Proceedings in accordance with Rule 7001 for the

Appellees claimes along with any and every relief that this court can provide to further the Appellant's case in the interest of justice.

Dated:  November 12, 2013

Michael A. McNeil
7014 Gentle Shade Road
Apartment 402
Columbia, Md 21046
410-505-8617
mamcneil@gmail.com

26

Appellees claims along with any and every relief that this court can provide to further the Appellant's case in the interest of justice.

Dated:  November 12, 2013

Michael A. McNeil
7014 Gentle Shade Road
Apartment 402
Columbia, Md 21046
410-505-8617
mamcneil@gmail.com

**CERTIFICATE OF SERVICE**

I certify that on November 12, 2013, I served a copy of the Opening Informal Brief of the Appellant to the following via pre-paid First Class U.S. Mail:

**Mr. Jeffrey Wayne Bernstein**
WILSON, GOOZMAN, BERNSTEIN & MARKUSKI
9101 Cherry Lane
Suite 207
Laurel, MD 20708-0000
(Attorney for the Appellee Markuski)

**Cary C Jacobson**
THE DRAZIN LAW CENTER, P.A.
10420 Little Patuxent Parkway
Suite 100
Columbia, MD 21044
(Attorney for the Appellee Drazin)

**Evan M. Goldman**
Goldman & Goldman, P.A.
Foxleigh Building
2330 West Joppa Road, Suite 300
Lutherville, MD 21093
(Chapter 7 Trustee)

**Nancy Spencer Grigsby**
4201 Mitchellville Rd. Ste 401
Bowie, MD 20716
(Chapter 13 Trustee)

**U.S. Trustee's Office**
101 W. Lombard St.
Suite 2625
Baltimore, MD 21201

27

Michael A. McNeil
7014 Gentle Shade Road
Apartment 402
Columbia, Md 21046
410-505-8617
mamcneil@gmail.com

e package pickup right fro[m your]
office at usps.com/pickup

stage online - Go to usps.c[om]

UNITED STATES POSTAL SERVICE

1007

U.S. POSTAGE
PAID
COLUMBIA,MD
21045
NOV 12,'13
AMOUNT

$19.95
00029374-15

[EX]PRESS
[MA]IL
[UNITED STATES POS]TAL SERVICE®

www.usps.com

e
Envelope
and International Use
[u]ps.com

EMS

When used internationally
affix customs declarations
(PS Form 2976 or 2976A).

[EX]PRESS
Addressee Copy
Label 11-B, March 2004

[SE]RVICE®
Post Office To Addressee

[USE ONLY]

| | |
|---|---|
| ☐ AM ☐ PM | Employee Signature |
| ☐ AM ☐ PM | Employee Signature |
| ☐ AM ☐ PM | Employee Signature |

☑ WAIVER OF SIGNATURE (Domestic Mail Only)
Additional merchandise insurance is void if customer requests waiver of signature.
I wish delivery to be made without obtaining signature of addressee or addressee's agent (if delivery employee judges that article can be left in secure location) and I authorize that delivery employee's signature constitutes valid proof of delivery.

Mailer Signature

INSPECTED

NOV 13 2013

[DO] NOT USE FOR FOREIGN POSTAL CODES.)

+ U.S. MARSHALS

[FOR INTERNATIONAL DESTINATION]S, WRITE COUNTRY NAME BELOW.

[pee]led

Label 127R, February 2006

EXPRESS MAIL
UNITED STATES POSTAL SERVICE

USPS packaging products have been awarded Cradle to Cradle Certification℠ for their ecologically-intelligent design. For more information go to mbdc.com/usps

Cradle to Cradle Certified℠ is a certification mark of MBDC.

CERTIFIED cradletocradle SILVER

Please recycle.

EP13F

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Express Mail® shipme[nts]. Misuse may be a violation of federal law. This packaging is not for resale. EP13F © U.S. Postal Service; Oct. 2008; A[ll rights reserved.]

